■ J. W. MAYS, INC., Respondent v ADSCO DISTRIBUTORS, INC., Doing Business as ADSCO DISTRIBUTORS, Appellant.— In an action *inter*

*alia* to recover damages for conversion, defendant appeals (1) from an order of the Supreme Court, Kings County dated February 14, 1980, which denied its motion to vacate its default in answering the complaint and for leave to interpose an answer, and (2) as limited by its brief, from so much of a further order of the same court, dated March 25, 1980, as, upon reargument, adhered to the original determination. Appeal from the order dated February 14, 1980 dismissed as academic. That order was superseded by the order granting reargument. Order dated March 25, 1980 reversed insofar as appealed from, order dated February 14, 1980 vacated, and motion, *inter alia,* to open the default granted, upon condition that defendant pay $250 to plaintiff within 20 days after service upon defendant of a copy of the order to be made hereon, together with notice of entry thereof, and defendant's time to serve its answer is extended until 20 days after payment. In the event defendant fails to comply with the above-mentioned condition, then order dated March 25, 1980 affirmed insofar as appealed from. In the event defendant complies with the condition, no costs are awarded; in the event defendant fails to comply, plaintiff is awarded one bill of $50 costs and disbursements. "In our opinion, the denial of the motion to vacate appellant's default was an improvident exercise of discretion since a meritorious defense was alleged and no prejudice to respondent was demonstrated. As a matter of policy, disposition of causes of action on their merits is strongly favored" (see *Raab Corp. v Goodman Chem. N. Y. Corp.,* 40 AD2d 673). Titone, J. P., Gibbons, Gulotta and Margett, JJ., concur.