■ CATHY LIVIGNI et al., Appellants, v CITY OF NEW YORK et al., Defendants, and UNIVERSAL MAINTENANCE CORP., Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Queens

County (Lerner, J.), dated June 6, 1988, which, *inter alia,* in effect denied the plaintiffs' motion for leave to enter a default judgment against the defendant Universal Maintenance Corp. and granted the separate motion of the defendant Universal Maintenance Corp. to dismiss the complaint as against it as time barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court did not improvidently exercise its discretion in permitting the defendant Universal Maintenance Corp. (hereinafter Universal) to file a late answer or make its motion to dismiss the complaint in an untimely manner. The delay on the part of Universal was brief, the excuse for the delay was reasonable, the motion for an extension of time was promptly made before the plaintiffs moved for leave to enter a default judgment, and Universal possessed a conclusive defense *(see,* CPLR 3012 [d]; *Lindo v Evans,* 98 AD2d 765; *Williams v City of New York,* 85 AD2d 633; *J.W. Mays, Inc. v Adsco Distribs.,* 79 AD2d 673). Nor did the court err in dismissing the action against Universal as time barred, as the action was commenced against Universal more than five years after the slip and fall allegedly occurred *(see,* CPLR 214 [5]). Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.