■ VICTOR H. NUILA et al., Respondents, v MANHATTAN LEASING GROUP, INC., et al., Appellants. [611 NYS2d 274] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated April 3, 1992, as denied their motion to dismiss the

complaint as barred by the Statute of Limitations, and (2) so much of an order of the same court, dated June 12, 1992, as, upon reargument, denied the branch of their motion which was to extend the time to answer and to dismiss the action as barred by the Statute of Limitations.

Ordered that the order dated June 12, 1992, is reversed insofar as appealed from, as a matter of discretion in the interest of justice, the branch of the defendant's motion which is for an extension of time to serve an answer is granted, the answer is deemed served, the branch of the defendants' motion which is to dismiss the complaint is granted, and the complaint is dismissed; and it is further,

Ordered that the appeal from the order dated April 3, 1992, is dismissed as academic in light of the determination of the appeal from the order dated June 12, 1992; and it is further,

Ordered that the appellants are awarded one bill of costs.

Under the circumstances at bar, where the proposed answer asserted a conclusive defense, the delay in answering the complaint was not willful or overly lengthy, and the plaintiffs failed to demonstrate that they were prejudiced by the delay, we conclude that the court should have directed the plaintiffs to accept the defendants' answer *(see, Livigni v City of New York,* 160 AD2d 684). We further conclude that the complaint should be dismissed based on the Statute of Limitations defense asserted in the answer pursuant to CPLR 202 and the plaintiff's failure to dispute, in opposition to the branch of the defendants' motion which was to dismiss the complaint, that the controlling New Jersey Statute of Limitations of two years (NJ Stat Annot 2A:14-2) had expired prior to the commencement of the action. Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.