■ JAMES MCCORD, Respondent, v AMERICAN GOLF, INC., Appellant. [666 NYS2d 22] —In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Kramer, J.), dated May 16, 1997, which, in effect, granted the plaintiff's cross motion for summary judgment on the issue of liability upon the defen-

dant's default in timely answering the complaint and directed an inquest on damages, and (2) an order of the same court, also dated May 16, 1997, which denied the defendant's motion to vacate the plaintiff's note of issue and strike the case from the calendar.

Ordered that the appeal from the order denying the defendant's motion to vacate the plaintiff's note of issue and strike the case from the calendar is dismissed as abandoned and as academic since the plaintiff never filed a note of issue; and it is further,

Ordered that the order which, in effect, granted the plaintiff's cross motion for summary judgment is reversed, the cross motion is denied, the defendant's opposition papers are deemed an application for leave to vacate its default in timely answering the complaint, the application is granted, and the answer annexed to those opposition papers is deemed timely served; and it is further,

Ordered that the defendant is awarded one bill of costs.

The defendant demonstrated both a reasonable excuse for the delay in serving its answer and a meritorious defense. Moreover, the defendant's delay in serving its answer was relatively short, and the plaintiff has not demonstrated any prejudice as a result of this short delay. Thus, the Supreme Court erred in granting the plaintiff's cross motion and in failing to vacate the defendant's default in answering (*see, Paradiso & Assocs. v Tamarin,* 210 AD2d 386; *Walter v Rockland Armor & Metal Corp.,* 140 AD2d 335; *Wagenknecht v Government Empls. Ins. Co.,* 97 AD2d 407).

The defendant's contention that it is entitled to dismissal of the complaint pursuant to CPLR 3215 (c) is without merit. Bracken, J. P., Pizzuto, Altman, Krausman and Lerner, JJ., concur.