THERESA LOLLY, Appellant, v BROOKDALE HOSPITAL MEDICAL CENTER, Respondent. [829 NYS2d 617]—

In an action to recover damages for medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated July 6, 2006, as granted those branches of the defendant's motion which were to dismiss the action pursuant to CPLR 3211 (a) (4) and (5), and denied her cross motion for leave to enter a judgment upon the defendant's default in answering.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss the action as time-barred pursuant to CPLR 3211 (a) (5), and substituting therefor a provision denying that branch of the motion as unnecessary; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

Even assuming that the defendant's motion to dismiss was filed five days late, the Supreme Court providently exercised its discretion is denying the plaintiff's cross motion for leave to enter a default judgment (*see Walter v Rockland Armor & Metal Corp.*, 140 AD2d 335 [1988]; *see also McCord v American Golf*, 245 AD2d 349 [1997]; *Lichtman v Sears, Roebuck & Co.*, 236 AD2d 373 [1997]) and in considering the defendant's motion on its merits (*see* CPLR 3012 [d]; *Livigni v City of New York*, 160 AD2d 684 [1990]).

Despite having been incorrectly named as "The Brookdale University Hospital and Medical Center" in a prior action, entitled *Lolly v Brookdale Univ. Hosp. & Med. Ctr.*, pending in

Supreme Court, Kings County, under index No. 5241/04, involving the same alleged misconduct, and asserting essentially the same causes of action as those pleaded in the instant complaint, the defendant herein represents that it has, in fact, been defending the prior action, that it has never disclaimed responsibility for the individual employees and residents identified in the prior action, and that "a judgment ultimately entered against The Brookdale University Hospital and Medical Center will have the same effect as a judgment entered against The Brookdale Hospital Medical Center." Based on these representations, this action was properly dismissed pursuant to CPLR 3211 (a) (4) (*see Diaz v Philip Morris Cos., Inc.*, 28 AD3d 703, 705 [2006]; *White Light Prods. v On The Scene Prods.*, 231 AD2d 90, 93-94 [1997]).

The Supreme Court should have denied as unnecessary that branch of the defendant's motion which sought to dismiss the complaint as time-barred.

We decline the defendant's request to impose costs or sanctions against the plaintiff. Mastro, J.P., Krausman, Fisher and Lifson, JJ., concur.