■ In the Matter of RAYMOND MICHAEL, JR., Appellant, v NASSAU COUNTY et al., Respondents. [916 NYS2d 514]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered December 8, 2009, as, upon reargument, adhered to the determination in a prior order entered November 4, 2009, denying the petition.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court did not improvidently exercise its discretion, upon reargument, in adhering to its original determination denying the petition for leave to serve a late notice of claim. The petitioner failed to provide a reasonable excuse for his failure to serve a timely notice of claim (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 150-151 [2008]). Moreover, the evidence submitted by the petitioner in support of his petition failed to establish that Nassau County had actual knowledge of the essential facts constituting his claims within 90 days following their accrual or a reasonable time thereafter (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 536 [2006]; *Matter of Bush v City of New York*, 76 AD3d 628, 629 [2010]; *Matter of Charles v City of New York*, 67 AD3d 793 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 147-150). Finally, the petitioner failed to establish that the delay in serving a notice of claim would not

substantially prejudice the County (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 539; *Matter of Bush v City of New York*, 76 AD3d at 629; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152-153). Rivera, J.P., Florio, Dickerson, Hall and Roman, JJ., concur.