**NIKOLAOS KATECHIS et al., Respondents, v JOSE R. BATISTA, Appellant.** [937 NYS2d 610]

The defendant failed to meet his prima facie burden of establishing, prima facie, that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The plaintiffs alleged, inter alia, that as a result of the subject accident, they each sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d). In addressing the plaintiffs' 90/180-day claims, the defendant, relying on the deposition testimony of the plaintiffs, essentially argued that the testimony established that during the 180-day period following the accident, the plaintiffs did not have injuries or impairments which, for more than 90 days, prevented the plaintiffs from performing substantially all of the material acts which constituted the plaintiffs' usual and customary daily activities (see *Karpinos v Cora*, 89 AD3d 994 [2011]). However, the plaintiffs' deposition testimony actually revealed the existence of a triable issue of fact as to whether the plaintiffs had such injuries or impairments (cf. *Aujour v Singh*, 90 AD3d 686 [2011]). Under these circumstances, the defendant failed to adequately address the plaintiffs' 90/180-day claims (see *Cohn v Khan*, 89 AD3d 1052 [2011]).

Since the defendant failed to meet his prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*id.*).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.