■ In the Matter of FREDERICK J. CSASZAR, Appellant, v COUNTY OF DUTCHESS, Respondent. (Appeal No. 1.) FREDERICK J. CSASZAR, Appellant, v COUNTY OF DUTCHESS, Respondent, et al., Defendant. (Appeal No. 2.) [943 NYS2d 610]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim and a related action to recover damages for personal injuries, Frederick J. Csaszar appeals from (1) an order of the Supreme Court, Dutchess County (Wood, J.), dated September 2, 2010, which denied the petition, and (2) an order of the same court dated September 8, 2011, which denied his motion pursuant to CPLR 3215 for leave to enter a judgment against the defendant County of Dutchess upon its failure to appear or answer the complaint.

Ordered that the orders are affirmed, with costs.

Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to commencing an action against the defendant County of Dutchess (*see* County Law § 52 [1]; General Municipal Law § 50-e [1] [a]; § 50-i [1] [a]; *Mills v County of Monroe*, 59 NY2d 307 [1983], *cert denied* 464 US 1018 [1983]; *O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981]; *Grasso v Schenectady County Pub. Lib.*, 30 AD3d 814, 816-817 [2006]). In determining whether leave to serve a late notice of claim should be granted, a court should consider, as key factors, whether the petitioner has demonstrated a reasonable excuse for failing to serve a timely notice of claim, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the public corporation in maintaining its defense on the merits (*see Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d 776, 777 [2010]; *Matter of Mounsey v City of New York*, 68 AD3d 998, 999 [2009]; *Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d 734 [2008]). Here, the appellant failed to demonstrate a reasonable excuse for his one-year delay after the expiration of the 90-day statutory period in commencing this proceeding. The appellant's incarceration and his difficulty in obtaining counsel are insufficient excuses for the delay (*see De Jesus v County of Albany*, 267 AD2d 649, 651 [1999]; *Matter of Duarte v Suffolk County*, 230 AD2d 851, 852 [1996]). Furthermore, the evidence submitted by the appellant along with his petition failed to establish that the County had actual knowledge of the essential facts constituting the claim within 90 days following accrual or a reasonable time thereafter (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Matter of Doersam v County of Suffolk*, 89 AD3d 1021 [2011]; *Matter of Michael v Nassau County*, 81 AD3d 732 [2011]; *Matter of Bush v City of New York*, 76 AD3d 628, 629

[2010]). The appellant also failed to establish that the delay in serving a notice of claim would not substantially prejudice the County (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 539; *Matter of Bush v City of New York*, 76 AD3d at 629; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 152-153 [2008]). Accordingly, the petition for leave to serve a late notice of claim upon the County was properly denied.

The Supreme Court also properly denied the appellant's motion pursuant to CPLR 3215 (f) for leave to enter a judgment against the County upon its default in appearing or answering the complaint in the personal injury action, since the appellant does not have a viable cause of action against the County (*see* CPLR 3215 [f]; *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]; *O'Brien v City of Syracuse*, 54 NY2d at 358; *see also Campbell v City of New York*, 4 NY3d 200, 202 [2005]). Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.