In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Brown, J.), entered March 26, 2012, which granted the defendants’ motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and denied her cross motion for summary judgment on the issue of serious injury and dismissing the defendants’ second, third, and fourth affirmative defenses, and (2) an order of the same court dated June 1, 2012, which denied her motion for leave to renew and reargue her cross motion and her opposition to the defendants’ motion.
Ordered that the order entered March 26, 2012, is modified, on the law, (1) by deleting the provision thereof granting the defendants’ motion for summary judgment dismissing the complaint and substituting therefor a provision denying the defendants’ motion, (2) by deleting the provisions thereof denying those branches of the plaintiffs cross motion which were for summary judgment on the issue of serious injury and dismissing the defendants’ fourth affirmative defense, and substituting therefor a provision granting those branches of the plaintiffs cross motion, and (3) by adding the words “as academic” to the provision of the order denying those branches of the plaintiffs motion which were for summary judgment dismissing the second and third affirmative defenses; as so modified, the order entered March 26, 2012, is affirmed; and it is further,
Ordered that the appeal from the order dated June 1, 2012, is dismissed; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The appeal from so much of the order dated June 1, 2012, as denied that branch of the plaintiffs motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument. The appeal from so much of the same or *905 der as denied that branch of the plaintiffs motion which was for leave to renew must be dismissed as academic in light of our determination on the appeal from the order entered March 26, 2012.
The defendants failed to meet their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants’ motion papers failed to adequately address the plaintiffs claim, clearly set forth in the bill of particulars, that she sustained serious injuries to the cervical and lumbar regions of her spine (see Fudol v Sullivan, 38 AD3d 593, 594 [2007]).
The plaintiff, however, did meet her prima facie burden of demonstrating that she did, in fact, sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d at 350; Gaddy v Eyler, 79 NY2d at 956-957). The plaintiff submitted competent medical evidence in admissible form demonstrating that she sustained serious injuries to the cervical and lumbar regions of her spine (see Fudol v Sullivan, 38 AD3d at 594). The defendants failed to raise a triable issue of fact in opposition.
Thus, the Supreme Court should have denied the defendants’ motion for summary judgment dismissing the complaint, and should have granted those branches of the plaintiffs cross motion which were for summary judgment on the issue of a serious injury and dismissing the defendants’ fourth affirmative defense.
The plaintiff further contends that the Supreme Court should have granted those branches of her cross motion which were for summary judgment dismissing the defendants’ second and third affirmative defenses. Those affirmative defenses, however, concerned the issue of liability, and the Supreme Court had already granted summary judgment to the plaintiff on the issue of liability in an order dated August 26, 2011. Thus, the Supreme Court should have denied, as academic, those branches of the plaintiffs cross motion which were for summary judgment dismissing the second and third affirmative defenses. Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur. [Prior Case History: 2012 NY Slip Op 30799(U).]