In an action, inter alia, to recover damages for violations of *665 the Residential Lead-Based Paint Hazard Reduction Act of 1992 (42 USC § 4851 et seq.), the defendants Robin A. Blackley and Corcoran Group, Inc., appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated October 25, 2011, as denied, as untimely, their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them and granted that branch of the plaintiffs’ cross motion which was pursuant to CPLR 3215 for leave to enter a judgment against them upon their default in appearing or answering the complaint, (2) from an order of the same court dated April 2, 2012, which denied their motion for leave to renew and reargue their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them and for leave to reargue their opposition to that branch of the plaintiffs’ cross motion which was pursuant to CPLR 3215 for leave to enter a default judgment against them, and (3) from an order of the same court dated August 15, 2012, which denied their motion pursuant to CPLR 5015 to vacate so much of the order dated October 25, 2011, as granted that branch of the plaintiffs’ cross motion which was pursuant to CPLR 3215 for leave to enter a default judgment against them.
Ordered that the appeals from the orders dated April 2, 2012, and August 15, 2012, are dismissed; and it is further,
Ordered that the order dated October 25, 2011, is reversed insofar as appealed from, on the law and in the exercise of discretion, the motion of the defendants Robin A. Blackley and Corcoran Group, Inc., pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them is granted, and that branch of the plaintiffs’ cross motion which was pursuant to CPLR 3215 for leave to enter a judgment against the defendants Robin A. Blackley and Corcoran Group, Inc., upon their default in appearing or answering the complaint is denied; and it is further,
Ordered that one bill of costs is awarded to the defendants Robin A. Blackley and Corcoran Group, Inc.
The plaintiffs commenced this action against Robin A. Blackley and Corcoran Group, Inc. (hereinafter together the Corcoran defendants), among others, to recover damages for violations of the Residential Lead-Based Paint Hazard Reduction Act of 1992 (42 USC § 4851 et seq. [hereinafter the RLPHRA]; see Brown v Maple3, LLC, 88 AD3d 224, 230-231 [2011]). The complaint alleged, among other things, that the Corcoran defendants violated the RLPHRA when they failed to make certain disclosures regarding the dangers of lead paint *666 while acting as the plaintiffs’ broker in connection with a transaction in which the plaintiffs purchased certain real property. The Corcoran defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action. The plaintiffs, inter alia, cross-moved pursuant to CPLR 3215 for leave to enter a default judgment against the Corcoran defendants. In an order dated October 25, 2011, the Supreme Court, among other things, denied the Corcoran defendants’ motion as untimely and granted that branch of the plaintiffs’ cross motion which was for leave to enter a default judgment against the Corcoran defendants.
The Corcoran defendants thereafter moved for leave to renew and reargue their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them and for leave to reargue their opposition to that branch of the plaintiffs’ cross motion which was pursuant to CPLR 3215 for leave to enter a default judgment against them. That motion was denied in an order dated April 2, 2012. The Corcoran defendants then moved pursuant to CPLR 5015 to vacate so much of the order dated October 25, 2011, as granted that branch of the plaintiffs’ cross motion which was pursuant to CPLR 3215 for leave to enter a default judgment against them. That motion was denied in an order dated August 15, 2012.
Although the Corcoran defendants may have defaulted in appearing or answering, they nevertheless set forth a reasonable excuse for the default and made a showing of a potentially meritorious defense (cf. McGee v Dunn, 75 AD3d 624, 624-625 [2010]). Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in refusing to excuse the Corcoran defendants’ default and consider their motion to dismiss the complaint on its merits (see CPLR 2004; Lolly v Brookdale Hosp. Med. Ctr., 37 AD3d 428, 428 [2007]; Livigni v City of New York, 160 AD2d 684, 685 [1990]), and the court erred in granting that branch of the plaintiffs’ cross motion which was pursuant to CPLR 3215 for leave to enter a judgment against them upon their default in appearing or answering the complaint (see Matter of Csaszar v County of Dutchess, 95 AD3d 1009, 1011 [2012]; Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651 [2011]; McGee v Dunn, 75 AD3d at 624-625; Venturella-Ferretti v Ferretti, 74 AD3d 792, 793 [2010]; Green v Dolphy Constr. Co., 187 AD2d 635, 636 [1992]; Cree v Cree, 124 AD2d 538, 541 [1986]).
On the merits, the Corcoran defendants’ motion to dismiss the complaint insofar as asserted against them should have *667 been granted. “On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit 'within any cognizable legal theory” (Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704 [2008]; see Leon v Martinez, 84 NY2d 83, 87 [1994]). “However, bare legal conclusions are not presumed to be true” (Khan v MMCA Lease, Ltd., 100 AD3d 833, 833 [2012]; see Parola, Gross & Marino, P.C. v Susskind, 43 AD3d 1020, 1021 [2007]).
Here, the complaint, even as amplified by the affidavit of the plaintiff Claire Felix, failed to state a cause of action against the Corcoran defendants to recover damages for violation of the RLPHRA (see generally Muro-Light v Farley, 95 AD3d 846, 846-847 [2012]; Morad v Morad, 27 AD3d 626, 627 [2006]). The statutory language of the RLPHRA “is unambiguous with regard to the liability of real estate agents; only seller’s agents are liable” for the failure to ensure compliance with its provisions (Keegan v Downing Agency, Inc., 2003 WL 21210326, *2, 2003 US Dist LEXIS 8618, *7 [D Me 2003]; see 42 USC § 4852d [a] [4]). Contrary to the plaintiffs’ contention, it would be contrary to the unambiguous language of the statute to construe 24 CFR 35.86 so as to impose a duty on an agent or representative of a buyer (see 42 USC § 4852d [a]; Keegan v Downing Agency, Inc., 2003 WL 21210326, 2003 US Dist LEXIS 8618 [2003]; Flowers v ERA Unique Real Estate, Inc., 170 F Supp 2d 840, 843 [ND 111 2001]; Griffin v Bruner, 341 111 App 3d 321, 326, 793 NE2d 974, 978 [2003]). Accordingly, the Supreme Court should have granted the Corcoran defendants’ motion to dismiss the complaint insofar as asserted against them.
The appeal from so much of the order dated April 2, 2012, as denied that branch of the motion of the Corcoran defendants which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument. The appeal from the order dated August 15, 2012, and the appeal from so much of the order dated April 2, 2012, as denied that branch of the Corcoran defendants’ motion which was for leave to renew must be dismissed as academic in light of our determination on the appeal from the order dated October 25, 2011 (see Carmody v Bald, 102 AD3d 904 [2013]). Skelos, J.P., Angiolillo, Roman and Miller, JJ., concur.