In the Matter of KEVIN STARK, Respondent, v WEST HEMPSTEAD UNION FREE SCHOOL DISTRICT, Appellant. [7 NYS3d 216]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, West Hempstead Union Free School District appeals from an order of the Supreme Court, Nassau County (Brown, J.), entered August 1, 2014, which granted the petition and deemed the late notice of claim timely served nunc pro tunc.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.

In determining whether to permit service of a late notice of claim, the court must consider all relevant facts and circumstances, including whether (1) the petitioner had a reasonable excuse for the delay, (2) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of the incident or a reasonable time thereafter, and (3) the public corporation was prejudiced by the delay in its ability to maintain its defense on the merits (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Matter of Csaszar v County of Dutchess*, 95 AD3d 1009, 1010 [2012]; *Bazile v City of New York*, 94 AD3d 929, 929-930 [2012]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138 [2008]).

The petitioner failed to set forth a reasonable excuse for his delay in serving the notice of claim and petition. Lack of awareness of the possibility of a lawsuit is not a reasonable excuse for delay in serving a notice of claim (*see Meyer v County of Suffolk*, 90 AD3d 720, 721 [2011]; *Bucknor v New York City Health & Hosps. Corp. [Queens Hosp. Ctr.]*, 44 AD3d 811, 813 [2007]; *Matter of Flores v County of Nassau*, 8 AD3d 377, 378 [2004]). Further, even if the petitioner, as alleged, served the notice of claim on the appellant 78 days after the expiration of

the 90-day statutory period, the late notice of claim did not provide the appellant with actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of the statutory period (*see Matter of Sanchez v City of New York*, 116 AD3d 703, 704 [2014]; *Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d 790, 791 [2014]; *Matter of Valila v Town of Hempstead*, 107 AD3d 813, 815 [2013]). Moreover, the evidence submitted by the petitioner along with his petition failed to establish that the appellant acquired actual knowledge of the essential facts constituting the claim within 90 days following accrual or a reasonable time thereafter (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 535; *Matter of Anderson v Town of Oyster Bay*, 101 AD3d 708, 709 [2012]; *Matter of Csaszar v County of Dutchess*, 95 AD3d at 1010; *Matter of Doersam v County of Suffolk*, 89 AD3d 1021, 1021 [2011]).

Finally, the petitioner failed to demonstrate that the appellant was not substantially prejudiced by the six-month delay between the time of the incident and the time of the commencement of this proceeding. Notably, the delay prevented the appellant from conducting a thorough and immediate investigation of the incident and promptly obtaining a medical examination of the petitioner (*see Peters-Heenpella v Wynn*, 105 AD3d 725, 726 [2013]; *Matter of Jackson v Newburgh Enlarged City School Dist.*, 85 AD3d 1031, 1032 [2011]). Balkin, J.P., Leventhal, Dickerson and Miller, JJ., concur.