■ In the Matter of GAVASKA ROYES, Appellant, v CITY OF NEW YORK, Respondent. [25 NYS3d 368]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or, in the alternative, to deem a proposed notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Kings County (Landicino, J.), dated June 24, 2013, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the petition which was for leave to serve a late notice of claim with respect to the claim for malicious prosecution and substituting therefor a provision granting that branch of the petition, and (2) by deleting the provision thereof denying, on the merits, that branch of the petition which was for leave to serve a late notice of claim with respect to the claim alleging federal civil rights violations and substituting therefor a provision denying that branch of the petition as unnecessary; as so modified, the order is affirmed, with costs to the petitioner.

The petitioner was arrested on August 21, 2010 and charged

with, among other things, criminal possession of a weapon in the second degree. Within a few days, the petitioner was released from custody and, on December 6, 2010, the charges against him were dismissed. On or about February 9, 2011, the petitioner served an original notice of claim upon the City of New York alleging claims based on New York State law, such as false arrest and false imprisonment, and a claim alleging federal civil rights violations. The original notice of claim did not explicitly allege a claim for malicious prosecution, but included allegations of the essential facts constituting that claim. A General Municipal Law § 50-h hearing was conducted on May 10, 2011, and on November 18, 2011, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e (5), inter alia, for leave to serve a late notice of claim. The notice of claim the petitioner sought leave to file explicitly alleged a claim for malicious prosecution. The Supreme Court denied the petition and, in effect, dismissed the proceeding.

The Supreme Court providently exercised its discretion in denying that branch of the petition which was for leave to serve a late notice of claim alleging claims based on New York State law, other than the claim for malicious prosecution. The petitioner did not demonstrate a reasonable excuse for the failure to serve a timely notice of claim with respect to those state law claims and for his delay in filing the petition (see Matter of Bhargava v City of New York, 130 AD3d 819, 820 [2015]; Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790, 791 [2014]; Matter of Bell v City of New York, 100 AD3d 990 [2012]; Matter of Rivera v City of New York, 88 AD3d 1004, 1005 [2011]). Moreover, the evidence submitted by the petitioner failed to establish that the City had actual knowledge of the essential facts constituting those state law claims within 90 days following their accrual or a reasonable time thereafter (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 537 [2006]). The original notice of claim dated February 9, 2011, served upon the City over 2½ months after the 90 day statutory period for those state law claims had elapsed was served too late to provide the City with actual knowledge of the essential facts constituting those claims within a reasonable time after the expiration of that statutory period (see Matter of Stark v West Hempstead Union Free Sch. Dist., 127 AD3d 765, 766 [2015]; Matter of Murray v Village of Malverne, 118 AD3d 798, 799 [2014]; Matter of Valila v Town of Hempstead, 107 AD3d 813, 814 [2013]). In addition, the petitioner failed to establish that the delays in serving the notice of claim with respect to those state law claims did not substantially prejudice the City

in maintaining its defense on the merits with respect to those claims (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 539).

However, the original notice of claim, dated February 9, 2011, provided the City with the essential facts constituting the claim of malicious prosecution, and that notice of claim was timely served with respect to a claim of malicious prosecution (*see Matter of Rivera v City of New York*, 88 AD3d at 1005; *Matter of Ragland v New York City Hous. Auth.*, 201 AD2d 7, 9 [1994]). Therefore, under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying that branch of the petition which was for leave to serve a late notice of claim with respect to the claim for malicious prosecution.

That branch of the petition which was for leave to serve a late notice of claim alleging federal civil rights violations should have been denied as unnecessary (*see Gorman v Sachem Cent. School Dist.*, 232 AD2d 452, 453 [1996]). Leventhal, J.P., Austin, Roman, Miller and Barros, JJ., concur.