■ CAROLYN SPANN, Appellant, v CITY OF NEW YORK et al., Respondents. (And Another Title.) [43 NYS3d 143]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Richmond County (Aliotta, J.), dated July 17, 2014, which denied her motion for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and granted the cross motion of the defendants City of New York, MV Transportation, Inc., New York City Transit Authority, and Jose Casanova, and the separate cross motion of the defendant Farrah Ficco, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting the cross motion of the defendants City of New York, MV Transportation, Inc., New York City Transit Authority, and Jose Casanova, and the separate cross motion of the defendant Farrah Ficco, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and substituting therefor provisions denying those cross motions; as so modified, the order is affirmed, with one bill of costs payable by the defendants appearing separately and filing separate briefs, and so much of a subsequent order of the same court dated July 14, 2015, as, upon renewal, adhered to the order dated July 17, 2014, is vacated.

The defendants, moving separately but relying on the same evidence and arguments, failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Specifically, the defendants failed to demonstrate, prima facie, that the plaintiff was able to perform all or substantially all of her usual and customary activities during the statutory period (*see Katechis v Batista*, 91 AD3d 912 [2012]; *Aujour v Singh*, 90 AD3d 686 [2011]). Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable

issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Therefore, the Supreme Court should have denied the defendants' separate cross motions for summary judgment dismissing the complaint insofar as asserted against each of them.

The Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of serious injury. The plaintiff failed to establish, prima facie, that she sustained a serious injury to the cervical region of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*cf. Carmody v Bald*, 102 AD3d 904, 905 [2013]), or that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see generally Cabey v Leon*, 84 AD3d 1295, 1296 [2011]). Although the plaintiff did establish, prima facie, that she sustained a serious injury to the lumbar region of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Carmody v Bald*, 102 AD3d at 905), the defendants raised a triable issue of fact in opposition (*see generally Perl v Meher*, 18 NY3d 208, 217-218 [2011]).

The plaintiff's remaining contention is not properly before this Court, as it involves matters that were not the subject of the order appealed from. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.