N.F. v City of New York (2018 NY Slip Op 03663)





N.F. v City of New York


2018 NY Slip Op 03663


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-09294
 (Index No. 12815/15)

[*1]N.F., etc., et al., appellants, 
v
City of New York, et al., respondents.


Rovegno & Cerrato, LLP, Great Neck, NY (Robert B. Taylor of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Emma Grunberg of counsel; Alessandra Zaldivar-Giuffredi on the brief), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated June 17, 2016. The order denied the plaintiffs' motion pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for reconsideration of the subject motion in light of Matter of Newcomb v Middle Country Cent. Sch. Dist. (28 NY3d 455).
On June 18, 2015, the infant plaintiff, then fifth-grade student at P.S. 306 in Brooklyn, allegedly sustained personal injuries during lunch recess. The plaintiffs served a late notice of claim upon the defendants on October 16, 2015. Thereafter, on or about December 3, 2015, the plaintiffs moved for leave to serve a late notice of claim. The Supreme Court denied the motion, and the plaintiffs appeal.
In determining whether to grant leave to serve a late notice of claim under General Municipal Law § 50-e(5), the Supreme Court, in exercising its discretion, must consider all relevant facts, including, but not limited to, whether (1) the municipality or public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the delay would substantially prejudice the municipality or public corporation in its defense, and (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461; Williams v Nassau County Med. Ctr., 6 NY3d 531, 539). The statute also requires the court to consider, inter alia, "whether the claimant was an infant" (General Municipal Law § 50-e[5]). As a general matter, "[t]he impediment [to timely filing] may reasonably be presumed to attend infancy; there is no requirement that it be factually demonstrated" (Williams v Nassau County Medical Ctr., 6 NY3d at 538 [internal quotation marks omitted]). The presence or absence of any one factor is not determinative (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467; Matter of City of New York v County of Nassau, 146 AD3d 948, 950; Matter of Hubbard v County of Madison, 71 AD3d 1313; Brownstein v Incorporated Vil. of Hempstead, 52 AD3d 507, [*2]509).
In the order appealed from, the Supreme Court, relying upon this Court's jurisprudence (see Matter of Stark v West Hempstead Union Free Sch. Dist., 127 AD3d 765), determined that the plaintiffs "failed to rebut the presumption that the more than 30-day delay in serving the notice of claim, and the 83-day delay in making the motion for leave to serve a late notice of claim would substantially prejudice the [defendants'] ability to conduct an investigation of the claim or to maintain a defense on the merits." While this appeal was pending, the Court of Appeals decided Matter of Newcomb v Middle Country Cent. Sch. Dist. (28 NY3d 455), in which the Court of Appeals held that a determination that the municipality or public corporation "is substantially prejudiced by a late notice of claim cannot be based solely on speculation and inference; rather, a determination of substantial prejudice must be based on evidence in the record" (id. at 465-466).
The Court of Appeals endorsed a new rule establishing a shifting burden of proof in demonstrating that late service of a notice of claim substantially prejudices a municipality or public corporation (see id. at 467). A petitioner has the initial burden of showing that the late notice will not substantially prejudice the municipality or public corporation (see id. at 466). "Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice" (id.). Once this initial showing has been made, the municipality or public corporation must respond "with a particularized evidentiary showing" that it will be substantially prejudiced if the late notice is allowed (id. at 467). The municipality or public corporation is required to submit admissible evidence to meet its burden because it "is in the best position to know and demonstrate whether it has been substantially prejudiced by the late notice" (id. at 467-468).
Here, in considering the plaintiffs' motion, the Supreme Court erroneously inferred substantial prejudice to the defendants solely from the plaintiffs' delay. Applying the shifting burden of proof standard set forth in Matter of Newcomb, the plaintiffs met their initial burden by making a plausible argument that the defendants will not be substantially prejudiced. The plaintiffs submitted an affidavit from the infant plaintiff's father in which he averred that he received a call from school personnel informing him about his child's injury and requesting his presence at the school. When the father arrived at the school minutes later, he observed an assistant principal, two security guards, the school nurse, and New York City Fire Department personnel attending to the situation and the injuries of his daughter. At that time, the infant plaintiff's father was informed that his daughter was playing a game with other children wherein they were jumping on each other's backs. He also learned that this activity occurred under the supervision of three or four teachers, two of whom were named in his affidavit. The infant plaintiff was transported by ambulance from the school to the hospital. The infant plaintiff allegedly fractured the tibia and fibula of her right leg, and underwent surgery as a result of her injuries. Given the evidence of the number of school personnel attending to the situation, the reporting of the incident to the infant plaintiff's father, and the seriousness of the alleged injuries, the plaintiffs argued that a number of reports would likely have been prepared, and that such reports were in the possession of the defendants. Under certain circumstances, this Court has recognized that the "existence of reports in [a defendant's] own files concerning . . . facts and circumstances'" of an incident may be "the functional equivalent of an investigation" (Matter of Ragland v New York City Hous. Auth., 201 AD2d 7, 11; see Tatum v City of New York, 161 AD2d 580, 581; see also Nunez v City of New York, 307 AD2d 218; Matter of Santana v City of New York, 183 AD2d 665, 666).
Given that Matter of Newcomb was decided during the pendency of this appeal, and since the Supreme Court relied upon this Court's prior authority, which had placed the sole burden on the plaintiffs to show that the defendants were not substantially prejudiced by the delay in filing, the defendants did not have an opportunity to submit evidence to make their particularized evidentiary showing in the manner set forth in Matter of Newcomb. The court, therefore, did not have the opportunity to weigh such evidence in consideration of the plaintiffs' motion.
Accordingly, we remit the matter to the Supreme Court, Kings County, to allow the defendants to submit evidence, if any, to support their claim of substantial prejudice, and, thereafter, [*3]for the Supreme Court's reconsideration of the plaintiffs' motion in light of Matter of Newcomb.
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court