Esposito v Larig (2019 NY Slip Op 05515)





Esposito v Larig


2019 NY Slip Op 05515


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2017-10057
 (Index No. 517226/16)

[*1]Tina Esposito, respondent-appellant, 
v
Sophronia Larig, etc., et al., appellants-respondents.


Wenig Saltiel LLP, Brooklyn, NY (Meryl L. Wenig, Leslie Perez-Bennie, Marvin Ben-Aron, and Nicholas M. Moccia of counsel), for appellants-respondents.
Cornicello, Tendler & Baumel-Cornicello, LLP, New York, NY (Susan Baumel-Cornicello, David B. Tendler, and Jay H. Berg of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, for ejectment and to recover damages for use and occupancy, the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated August 2, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's cross motion which was for leave to enter a default judgment against the defendants on the second, third, fourth, and fifth causes of action. The order, insofar as cross-appealed from, in effect, denied that branch of the plaintiff's cross motion which was for an award of prospective use and occupancy pendente lite and, in effect, for the posting of an undertaking by the defendants for the amount of past use and occupancy.
ORDERED that the order is reversed insofar as appealed and cross-appealed from, on the law and in the exercise of discretion, without costs or disbursements, that branch of the plaintiff's cross motion which was for leave to enter a default judgment against the defendants on the second, third, fourth, and fifth causes of action is denied, that branch of the plaintiff's cross motion which was for an award of prospective use and occupancy pendente lite and, in effect, for the posting of an undertaking by the defendants for the amount of past use and occupancy is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The plaintiff is the owner and landlord of an apartment building located in Brooklyn. In July 2005, the defendants leased the first-floor apartment of the building from the plaintiff pursuant to a one-year, nonregulated market lease. The defendants held over after the expiration of the lease and ceased paying rent in August 2007. Beginning in January 2008, the plaintiff commenced a series of holdover proceedings against the defendants in the Housing Part of the Civil Court of the City of New York, Kings County (hereinafter the Housing Court), to recover possession of the apartment, each of which was dismissed for a variety of reasons. In the most recent holdover proceeding, which was commenced in 2011 (hereinafter the 2011 proceeding), the plaintiff alleged that the apartment was exempt from rent stabilization due to high-rent vacancy deregulation. The Housing Court dismissed the petition, determining, inter alia, that the defendants were entitled to a rent-stabilized lease, but finding that there was insufficient evidence to determine the legal regulated rent. Those portions of the Housing Court's decision were subsequently affirmed by the Appellate [*2]Term for the Second, Eleventh, and Thirteenth Judicial Districts.
On September 29, 2016, the plaintiff commenced this action against the defendants asserting, inter alia, causes of action for the determination of the amount of rent, for ejectment, and to recover damages for use and occupancy. In lieu of an answer, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint or, in the alternative, to refer the cause of action for the determination of the amount of rent to the New York State Division of Housing and Community Renewal (hereinafter DHCR) and either dismiss or stay the remaining causes of action.
The plaintiff cross-moved for leave to enter a default judgment against the defendants on the ground that they failed to timely answer the complaint or otherwise appear in the action, and to refer the matter to a judicial hearing officer for an inquest on damages. In the alternative, the plaintiff cross-moved for an award of prospective use and occupancy pendente lite and, in effect, for the posting of an undertaking by the defendants for the amount of past use and occupancy.
The Supreme Court, inter alia, granted that branch of the defendants' motion which was to refer the cause of action for the determination of the amount of rent to the DHCR, granted that branch of the plaintiff's cross motion which was for leave to enter a default judgment on the remaining causes of action, and, in effect, denied that branch of the plaintiff's cross motion which was for an award of prospective use and occupancy pendente lite and, in effect, for the posting of an undertaking by the defendants for the amount of past use and occupancy. The defendants appeal, and the plaintiff cross-appeals.
In light of the Supreme Court's unchallenged decision, in effect, to accept the defendants' untimely pre-answer motion to dismiss and determine part of the motion on the merits, the court should have denied that branch of the plaintiff's cross motion which was for leave to enter a default judgment on the second, third, fourth, and fifth causes of action (see Lolly v Brookdale Hosp. Med. Ctr., 37 AD3d 428).
Moreover, the Supreme Court improvidently exercised its discretion by, in effect, denying that branch of the plaintiff's cross motion which was for an award of prospective use and occupancy pendente lite and, in effect, for the posting of an undertaking by the defendants for the amount of past use and occupancy. Considering the defendants' position, in this action as well as in the 2011 proceeding, that they fully intend to continue renting the subject apartment pursuant to a rent-stabilized lease, they should not only be prepared to pay for their ongoing use and occupancy of the apartment during the pendency of this action, but also to account for their past use and occupancy (see Levinson v 390 W. End Assoc., L.L.C., 22 AD3d 397).
Accordingly, we remit the matter to the Supreme Court, Kings County, for a determination of the appropriate monthly rent to be applied pendente lite, as well as for the determination of the amount of a reasonable undertaking to be posted by the defendants as security for their potential liability for past use and occupancy of the subject apartment. Contrary to the plaintiff's contention, since the subject apartment is rent stabilized, the amount of monthly rent under the expired market lease cannot be used for this purpose. Rather, the appropriate rent should be determined by the court, to the extent possible, based on " the lowest rent charged for a rent-stabilized apartment with same number of rooms in the same building on the relevant base date'" (id. at 402, quoting Thornton v Baron, 5 NY3d 175, 180 n 1). Such amount can be conservatively estimated based on the available DHCR registration rent roll report for the subject building—which is already contained in the record—with additional input, as needed, from the parties to account for any material differences between the subject apartment and the other apartments for which more recent registered rents are available.
We do not reach the defendants' remaining contentions, which refer to matters that the Supreme Court, in its discretion, elected not to address until the DHCR has determined the legal regulated rent for the subject apartment.
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court