Ceri-Felix v Remy (2023 NY Slip Op 03449)

Ceri-Felix v Remy

2023 NY Slip Op 03449

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-04245
 (Index No. 514067/18)

[*1]Juan L. Ceri-Felix, appellant, 
v
Rene Remy, respondent, et al., defendant.

Gregory Spektor & Associates, P.C., Rosedale, NY (David L. Henderson of counsel), for appellant.
Baker, McEvoy & Moskovits, P.C. (Marjorie Bornes, Brooklyn, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lillian Wan, J.), dated June 9, 2021. The order, insofar as appealed from, denied the plaintiff's cross-motion for summary judgment on the issue of whether he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendant Rene Remy moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff opposed and cross-moved for summary judgment on the issue of whether he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated June 9, 2021, the Supreme Court, inter alia, denied the plaintiff's cross-motion. The plaintiff appeals.
The plaintiff failed to meet his prima facie burden of showing that he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff failed to eliminate all triable issues of fact as to whether he sustained a fracture to his left knee as a result of the accident (see Degachi v Faridi, 215 AD3d 733; Spann v City of New York, 145 AD3d 932, 934). Since the plaintiff failed to satisfy his prima facie burden, the Supreme Court properly denied his cross-motion without regard to the sufficiency of Remy's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court