Wahrheit v Ciliotta
2026 NY Slip Op 03842
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Denise Wahrheit, appellant,
v
Thomas Ciliotta, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-09613, (Index No. 610782/22)
Betsy Barros, J.P.
Helen Voutsinas
Lourdes M. Ventura
Donna-Marie E. Golia, JJ.

Walker & Mackenzie, P.C. (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.
Miranda Slone Sklarin Verveniotis, LLP, Mineola, NY (Laura Alto of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Linda J. Kevins, J.), dated June 18, 2024. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a motor vehicle accident. The plaintiff moved for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated June 18, 2024, the Supreme Court, inter alia, denied the motion. The plaintiff appeals.
The plaintiff failed to meet her prima facie burden of showing that she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Ceri-Felix v Remy, 217 AD3d 917, 918). The plaintiff failed to establish, prima facie, that she sustained a serious injury to the cervical region of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Spann v City of New York, 145 AD3d 932, 934), or that she sustained a serious injury under the significant disfigurement category of Insurance Law § 5102(d) (see Mnatcakanova v Elliot, 174 AD3d 798, 799). Since the plaintiff failed to satisfy her prima facie burden, the Supreme Court properly denied her motion without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., VOUTSINAS, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court