■ ROBERT DOHERTY, Appellant, v CITY OF NEW YORK, Respondent. [674 NYS2d 77] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated March 21, 1995, which denied his application.

Ordered that the order is affirmed, with costs.

The petitioner, a New York City firefighter, claims to have injured his right shoulder and neck when he tripped over some rubbish while advancing a hose line through a vacant lot while combating a building fire in Brooklyn on November 23, 1993. The petitioner filled out a Fire Department "Member Injury Report" the same day, giving the foregoing account of his accident. The report did not indicate that the property at issue was owned by the City of New York, or that his accident had purportedly been caused by any negligence on the part of the City.

By notice of petition and verified petition dated June 28, 1994, the petitioner commenced this proceeding for leave to serve a late notice of claim, offering as the excuse for his delay the fact that it was only months after the accident that he appreciated the seriousness of his injuries.

The court did not err in denying the petitioner's application for leave to serve a late notice of claim. The claimant has failed to demonstrate a reasonable excuse for his delay in serving a timely notice (*see, e.g., Winter v City of Geneva*, 203 AD2d 939; *Matter of Schirripa v Birch Lane Elementary School*, 154 AD2d 536; *Matter of Zbryski v City of New York*, 147 AD2d 705). Moreover, the Fire Department "Member Injury Report" upon which he relies was clearly inadequate to place the City on notice of a possible claim against it, as the report mentions neither the City's alleged ownership of the subject premises nor its purported causative negligence (*see, e.g., Matter of Finneran v City of New York*, 228 AD2d 596; *Matter of Deegan v City of New York*, 227 AD2d 620; *Matter of McLoughlin v City of New York*, 178 AD2d 193; *Matter of Zbryski v City of New York, supra; Caselli v City of New York*, 105 AD2d 251, 255-257). Finally, the passage of seven months between the date of the petitioner's accident and his application to serve a late notice of claim clearly prejudiced the municipality because, *inter alia*, it had no opportunity to investigate the transitory condition that allegedly precipitated the claimant's fall (*see, e.g., Ribeiro v Town of N. Hempstead*, 200 AD2d 730; *Matter of Wertenberger v Village of Briarcliff Manor*, 175 AD2d 922). Miller, J. P., O'Brien, Pizzuto and Friedmann, JJ., concur.