■ RAYMOND BRAINE et al., Appellants, v CITY OF NEW YORK, Respondent. [713 NYS2d 754] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 9, 1999, which denied their motion for leave to serve a late notice of claim.

Ordered that the order is affirmed, with costs.

The plaintiff Raymond Braine, a New York City police officer, claims to have injured his right ankle while in pursuit of a perpetrator on January 3, 1998. He alleges that the injury occurred when he stepped in a hole which was obscured by debris on a lot located at 3216/18 Mermaid Avenue and allegedly owned by the City of New York. On the day of the accident, Raymond Braine filled out a line-of-duty incident report claiming that he injured his right ankle when he tripped and fell over debris on the side of a building located at 3222 Mermaid Avenue. The incident report did not indicate that the

property at issue was owned by the City of New York, or that his accident purportedly had been caused by any negligence on the part of the City.

The plaintiffs purported to serve a notice of claim on or about March 15, 1999, and commenced this action on March 16, 1999. Several days later, the plaintiffs moved for leave to serve a late notice of claim.

The court providently exercised its discretion in denying the plaintiffs' motion for leave to serve a late notice of claim as the plaintiffs failed to demonstrate a reasonable excuse for their delay (*see, Matter of Plantin v New York City Hous. Auth.,* 203 AD2d 579; *Gaudio v City of New York,* 235 AD2d 228). Moreover, the incident report upon which the plaintiffs relied was clearly inadequate to place the City on notice of a possible claim against it, as the report lists the wrong address, and fails to mention either the City's alleged ownership of the subject premises or its purported negligence (*see, Doherty v City of New York,* 251 AD2d 368, 369; *Matter of Zbryski v City of New York,* 147 AD2d 705). Finally, the passage of more than 14 months before the plaintiffs moved for leave to serve a late notice of claim clearly prejudiced the municipality because it had no opportunity to investigate the transitory condition that allegedly precipitated the injured plaintiff's fall (*see, Doherty v City of New York, supra,* at 369). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.