■ In the Matter of ANTONIO ALIBERTI, Appellant, v CITY OF YONKERS et al., Respondents. [755 NYS2d 406] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered January 16, 2002, which denied the application.

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court providently exercised its discretion in denying the petitioner's application for leave to serve a late notice of claim upon the respondents. The petitioner did not offer a valid excuse for failure to timely serve a notice of claim. The record contains only the bare assertion of counsel that the petitioner's foot injury contributed to the 15-month delay (*see Matter of Caruso v County of Westchester*, 220 AD2d 746; *cf. Rosenblatt v City of New York*, 160 AD2d 927). A delay allegedly caused by indecision as to whether to bring an action is patently insufficient.

Contrary to the petitioner's contention, the respondents did not have actual knowledge of the essential facts constituting the claim within 90 days. Although a police incident report indicated that a Yonkers City Code Enforcement Officer was present at the scene of the petitioner's slip-and-fall accident, there was no indication that the respondent City of Yonkers had actual knowledge of the essential facts constituting the petitioner's present claim (*see Saafir v Metro-North Commuter R.R. Co.*, 260 AD2d 462, 463; *Matter of Morrison v New York City Health & Hosps. Corp.*, 244 AD2d 487, 488; *Matter of Morehead v Westchester County*, 222 AD2d 507, 508). The police incident report further indicated that an unidentified Department of Public Works employee concluded that the place where the petitioner fell was the responsibility of the homeowner, and the homeowner was notified accordingly. Under these circumstances, there was no notice of a connection between the fall and the alleged negligence of the respondents

(*see Saafir v Metro-North Commuter R.R. Co., supra*; *Doherty v City of New York,* 251 AD2d 368, 369). Moreover, there was no indication in the police incident report that there was a representative or employee of the respondent County of Westchester present at the time and place of the petitioner's fall. Santucci, J.P., Townes, Crane and Rivera, JJ., concur.