In the Matter of RICHARD GRANDE et al., Respondents, v CITY OF NEW YORK, Appellant. [853 NYS2d 353]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Richmond County (Aliotta, J.), dated January 24, 2007, which granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The Supreme Court abused its discretion in granting the peti-

tion for leave to serve a late notice of claim. The petitioners did not establish that the respondent had actual notice of the claim. Although a line of duty injury report was prepared by the Department of Sanitation immediately after the accident, it merely indicated that the petitioner was injured when he slipped from a salt spreader's ladder, which was not sufficient to give the appellant "actual knowledge of the essential facts constituting the claim" (General Municipal Law § 50-e [5]). What satisfies the statute is knowledge of the facts that underlie the legal theory or theories on which liability is predicated (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138 [2008]; *Matter of Carpenter v City of New York*, 30 AD3d 594, 595 [2006]; *Matter of DiBella v City of New York*, 234 AD2d 366, 367 [1996]). Additionally, the petitioners did not demonstrate a valid excuse for their failure to timely serve a notice of claim (*see Casias v City of New York*, 39 AD3d 681, 683 [2007]; *Matter of O'Dowd v City of New York*, 226 AD2d 642 [1996]). Finally, although we need not reach the issue of prejudice based on the foregoing, we note that petitioners failed to demonstrate that the appellant was not prejudiced in its ability to investigate the accident and prepare a defense as a result of the delay (*see Matter of Bruzzese v City of New York*, 34 AD3d 577, 578 [2006]). Rivera, J.P., Lifson, Santucci and Covello, JJ., concur.