In the Matter of JOHN A. CATUOSCO, Appellant, v CITY OF NEW YORK, Respondent. [880 NYS2d 142]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (Flug, J.), dated May 5, 2008, which denied the petition.

Ordered that the order is affirmed, with costs.

In determining whether to grant an application for leave to serve a late notice of claim, the key factors which the court must consider are whether the movant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense (*see* General Municipal Law § 50-e [5]; *Matter of Kumar v City of New York*, 52 AD3d 517 [2008]).

Contrary to the petitioner's contention, the original line-of-duty injury report, aided report, and witness statement prepared immediately after his accident, were insufficient to provide the City of New York with actual notice of the essential facts underlying his claim (*see Matter of Formisano v Eastchester Union Free School Dist.*, 59 AD3d 543 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 149-150 [2008]; *Matter of Grande v City of New York*, 48 AD3d 565, 566 [2008]; *Matter of Gilliam v City of New York*, 250 AD2d 680, 681 [1998]; *Matter of DiBella v City of New York*, 234 AD2d 366, 367 [1996]). These reports merely indicated that the petitioner was injured when he attempted grab a handrail to prevent himself from falling down the stairs, and made no reference to the alleged presence of sand on the stairs tracked in from the outdoors, or poor lighting conditions. What satisfies the statute is knowledge of the facts that underlie the legal theories on which liability is predicated, not simply knowledge of the accident itself (*see Matter of Grande v City of New York*, 48 AD3d at 566; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 155 [2008]). Furthermore, although the amended line-of-duty report and witness statement did note that the petitioner slipped on a sandy surface and that the stairwell was poorly lit, these amendments were not filed until more than nine months after the accident. Thus, the City of New York was not apprised of these facts within 90 days after the accident or within a reasonable time thereafter.

The petitioner also failed to offer a reasonable excuse for his failure to serve a timely notice of claim. The petitioner's explanation that he was unaware of the notice of claim requirement does not constitute a valid excuse (*see Astree v New York City Tr. Auth.*, 31 AD3d 589, 590 [2006]; *Matter of Pico v City of New York*, 8 AD3d 287, 288 [2004]; *Matter of Termini v Valley Stream Union Free School Dist. No. 13*, 2 AD3d 866, 867 [2003]; *Matter of Mallory v City of New York*, 135 AD2d 636, 637 [1987]). In addition, the petitioner failed to rebut the City's assertion that the delay prejudiced its ability to investigate and defend against the claim (*see Matter of Pico v City of New York*, 8 AD3d 287, 288 [2004]; *Matter of Termini v Valley Stream Union Free School Dist. No. 13*, 2 AD3d 866, 867 [2003]; *Matter of DiBella v City of New York*, 234 AD2d 366, 367 [1996]). Under these circumstances, the Supreme Court providently exercised its discretion in denying the petitioner leave to serve a late notice of claim. Rivera, J.P., Dillon, Covello and Eng, JJ., concur.