■ In the Matter of WAYNE LIEBMAN, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [893 NYS2d 141]—

The Supreme Court did not improvidently exercise its discretion in denying the petition. First, the petitioner failed to offer a reasonable excuse for his failure to serve a timely notice of claim (see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 150 [2008]; Matter of Doyle v Elwood Union Free School Dist., 39 AD3d 544, 545 [2007]; Matter of Narcisse v Incorporated Vil. of Cent. Islip, 36 AD3d 920 [2007]). Additionally, the petitioner failed to establish that any of the respondents had actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (see General Municipal Law § 50-e [5]). While the petitioner alleged that an accident investigation report was provided to him at the job site where he was injured several days after the accident, there was no evidence that this report was served upon any one of the respondents. Furthermore, the petitioner failed to establish that the 3½-month delay after the expiration of the 90-day period would not substantially prejudice the respondents in maintaining their defenses on the merits (see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 152-153; Matter of Lorseille v New York City Hous. Auth., 295 AD2d 612 [2002]; Matter of Sica v Board of Educ. of City of N.Y., 226 AD2d 542 [1996]). Fisher, J.P., Santucci, Dickerson, Chambers and Lott, JJ., concur.