■ In the Matter of Tamika Whittaker, Appellant, v New York City Board of Education, Respondent. [896 NYS2d 171]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from a judgment of the Supreme Court, Queens County (Kerrigan, J.), dated April 8, 2009, which, upon an order of the same court dated February 5, 2009, denying the petition, dismissed the proceeding.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, with costs, the petition is granted, and the order is modified accordingly.

In early October 2007 the infant petitioner (hereinafter the petitioner) allegedly was assaulted by the parent of another student during school hours in the cafeteria of the public school she attended. At least one school employee saw the attack, and the petitioner was taken to the hospital for treatment. The police were summoned and the assailant was prosecuted. There

was evidence that, a week before the attack, the petitioner's father had complained to the school's principal and vice-principal about threats made by the assailant against the petitioner inside the school.

The petitioner did not serve a notice of claim under General Municipal Law § 50-e (5) until several months after the expiration of the 90-day limit, and she subsequently petitioned for leave to serve a late notice of claim. The Supreme Court denied the petition. We find that the petition should have been granted and therefore we reverse.

Under General Municipal Law § 50-e (5), a court considering a petition for leave to serve a late notice of claim upon a municipal corporation must consider various factors, of which the "most important, based on its placement in the statute and its relation to other relevant factors" (*Matter of Felice v Eastport/ South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]; *see Matter of Devivo v Town of Carmel*, 68 AD3d 991 [2009]), is whether the public corporation acquired actual notice of the essential facts constituting the claim within 90 days of the accrual of the claim or within a reasonable time thereafter (*see* General Municipal Law § 50-e [5]). "In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves" (*Matter of Felice v Eastport/ South Manor Cent. School Dist.*, 50 AD3d at 148). Additional factors relevant to whether a petition for leave to serve a late notice of claim should be granted include whether the petitioner has demonstrated a reasonable excuse for failing to serve a timely notice of claim and whether the delay has substantially prejudiced the municipal corporation in its ability to defend the claim on the merits (*see Matter of Liebman v New York City Dept of Educ.*, 69 AD3d 633 [2010]; *Matter of Mounsey v City of New York*, 68 AD3d 998 [2009]; *Matter of Felice v Eastport/ South Manor Cent. School Dist.*, 50 AD3d at 139). It is the petitioner's burden to establish the lack of substantial prejudice (*id.* at 152; *see Matter of Allende v City of New York*, 69 AD3d 931 [2010]).

Here, the petitioner demonstrated that the municipal corporation acquired actual knowledge of the facts constituting the claim within the statutory period or within a reasonable time thereafter. The alleged assault by a parent took place on school grounds during school hours in view of a school employee, the police were summoned, and a prosecution ensued. Additionally,

the petitioner alleged, without contradiction, that school officials were on notice of threats previously made by the assailant against the petitioner on school grounds. Consequently, the petitioner demonstrated that the municipal corporation was aware, not merely of the injury, but also of the facts underlying the legal theory upon which liability would be predicated (*see Gibbs v City of New York*, 22 AD3d 717 [2005]; *cf. Matter of Charles v City of New York*, 67 AD3d 793 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 149-150; *Matter of Scolo v Central Islip Union Free School Dist.*, 40 AD3d 1104, 1105-1106 [2007]). Given these circumstances, it is also clear that the petitioner met her burden of demonstrating that the municipal corporation would not be substantially prejudiced in defending the claim by reason of the delay (*see Matter of Allende v City of New York*, 69 AD3d 931 [2010]). That the petitioner failed to provide a reasonable excuse for her failure to serve a timely notice of claim is not dispositive (*see Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d 734, 736 [2008]).

Finally, the evidence submitted by the petitioner in reply papers should have been considered under the particular circumstances here, including the fact that the respondent had an opportunity to respond and submit papers in sur-reply (*see Valure v Century 21 Grand*, 35 AD3d 591, 592 [2006]; *Hoffman v Kessler*, 28 AD3d 718, 719 [2006]; *Guarneri v St. John*, 18 AD3d 813, 814 [2005]; *Matter of Hayden v County of Nassau*, 16 AD3d 415, 416 [2005]; *Basile v Grand Union Co.*, 196 AD2d 836, 837 [1993]). Fisher, J.P., Santucci, Angiolillo and Lott, JJ., concur.