██ In the Matter of JASAIYA KEYES et al., Appellants, v CITY OF NEW YORK et al., Respondents. [933 NYS2d 607]—

In exercising its discretion to grant leave to serve a late notice of claim, the court must consider various factors, including whether (1) the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) the claimant was an infant, or mentally or physically incapacitated, (3) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the public corporation in defending on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Iacone v Town of Hempstead*, 82 AD3d 888 [2011]; *Matter of Barnes v New York City Health & Hosps. Corp.*, 69 AD3d 934 [2010]; *Matter of Chambers v Nassau County Health Care Corp.*, 50 AD3d 1134, 1135 [2008]).

Here, the petitioners failed to demonstrate that the respondents obtained actual knowledge of the essential facts constituting the claim that, inter alia, the respondents failed to protect the infant petitioner from being attacked by another student in the school's cafeteria. There was no evidence in the record to support the hearsay allegations of the infant petitioner's father that the infant petitioner reported the incident to a teacher or that the infant petitioner's grandmother had several meetings with the school's principal. Furthermore, the petitioners failed to allege that the respondents were made aware of any personal injury to the infant petitioner within 90 days after the incident or a reasonable time thereafter. Accordingly, the petitioners failed to demonstrate that the respondents acquired timely actual knowledge of the facts constituting the claim (*see Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d 776, 778 [2010]; *Matter of Smith v Baldwin Union Free School Dist.*, 63 AD3d 1078, 1079 [2009]; *Matter of Julie F. v City of New York*, 50 AD3d 794, 795 [2008]). Moreover, the petitioners failed to establish that the respondents would not be substantially

prejudiced in maintaining their defense on the merits as a result of the delay in serving a notice of claim upon the respondents (*see Matter of Liebman v New York City Dept. of Educ.*, 69 AD3d 633 [2010]; *Matter of Smith v Baldwin Union Free School Dist.*, 63 AD3d 1078 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 152-153 [2008]).

Finally, the petitioners failed to demonstrate a reasonable excuse for their delay in serving a notice of claim (*see Matter of Tonissen v Huntington U.F.S.D.*, 80 AD3d 704, 705 [2011]; *Matter of Julie F. v City of New York*, 50 AD3d at 796; *Matter of Ealey v City of New York*, 204 AD2d 720 [1994]). We have not considered the psychotherapist's reports and letter, as they were improperly submitted by the petitioners for the first time with their papers in reply (*see Conte v Valley Stream Cent. High School Dist.*, 23 AD3d 328, 329 [2005]; *Perre v Town of Poughkeepsie*, 300 AD2d 379, 380 [2002]). Mastro, J.P., Balkin, Chambers and Sgroi, JJ., concur.