*718 To commence a tort action against a municipality, a claimant must serve a notice of claim within 90 days after the claim arises (see General Municipal Law § 50-e [1] [a]). Pursuant to General Municipal Law § 50-e (5), the court may, in its discretion, extend the time to serve a notice of claim (see Matter of Lodati v City of New York, 303 AD2d 406 [2003]). In determining whether to grant the extension, the court must consider certain factors, including, inter alia, whether the claimant demonstrated a reasonable excuse for failing to serve a timely notice of claim, whether the municipality acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in defending on the merits (see General Municipal Law § 50-e [5]; Matter of Acosta v City of New York, 39 AD3d 629, 630 [2007]; Matter of Henriques v City of New York, 22 AD3d 847, 848 [2005]; Matter of Hicks v City of New York, 8 AD3d 566, 566-567 [2004]). While no one factor is determinative, whether the municipality received actual knowledge of the facts constituting the claim in a timely manner is a factor that should be accorded great weight (see Matter of Burgess v County of Suffolk, 56 AD3d 769, 771 [2008]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147 [2008]; Matter of Dell’Italia v Long Is. R.R. Corp., 31 AD3d 758, 759 [2006]; Matter of Alexander v Board of Educ. for Vil. of Mamaroneck, 18 AD3d 654 [2005]).
Here, the Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim. The respondents did not have any knowledge of the claim until the petitioners commenced this proceeding one year after the injured petitioner’s accident. Furthermore, the injured petitioner failed to demonstrate that her injury incapacitated her to such an extent that neither she nor her husband could comply with the statutory requirement to serve a timely notice of claim (see Matter of Valentine v City of New York, 72 AD3d 981, 982 [2010]; Matter of Portnov v City of Glen Cove, 50 AD3d 1041, 1042-1043 [2008]; Matter of Embery v City of New York, 250 AD2d 611 [1998]), or that she was not aware of the alleged severity of her injury (see Matter of Werner v Nyack Union Free School Dist., 76 AD3d 1026 [2010]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 151). Moreover, *719 there was no evidence in the record to support the injured petitioner’s hearsay allegation that her husband was misinformed of the applicable statutory period within which to serve a notice of claim by an unidentified attorney (see Matter of Keyes v City of New York, 89 AD3d 1086 [2011]). In any event, the petitioners’ alleged ignorance of the law is not a reasonable excuse for their failure to serve a timely notice of claim (see Matter of Taylor v County of Suffolk, 90 AD3d 769, 770 [2011]; Meyer v County of Suffolk, 90 AD3d 720, 721 [2011]).
Finally, the petitioners failed to demonstrate that the one-year delay in seeking leave to serve a late notice of claim would not prejudice the respondents, given the passage of time and the transient nature of the metal plate over which the injured petitioner allegedly tripped (see Matter of Khalid v City of New York, 91 AD3d 779, 780 [2012]; Matter of Burgess v County of Suffolk, 56 AD3d at 771; Matter of Papayannakos v Levittown Mem. Special Educ. Ctr., 38 AD3d 902, 903 [2007]; cf. Matter of Mounsey v City of New York, 68 AD3d 998, 999 [2009]; Matter of Ruffino v City of New York, 57 AD3d 550, 551 [2008]).
We have not considered the injured petitioner’s medical records that were improperly submitted to the Supreme Court by the petitioners for the first time with their papers in reply (see Matter of Keyes v City of New York, 89 AD3d at 1087; Conte v Valley Stream Cent. High School Dist., 23 AD3d 328, 329 [2005]; Perre v Town of Poughkeepsie, 300 AD2d 379, 380 [2002]). Eng, EJ., Skelos, Chambers and Sgroi, JJ., concur.