In the Matter of GUSTAVO MALDONADO, Appellant, v CITY OF NEW YORK et al., Respondents. [58 NYS3d 506]—

In a proceeding pursuant to General Municipal Law § 50-e (5), in effect, for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Richmond County (Aliotta, J.), dated November 4, 2015, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the order is affirmed, with costs.

Pursuant to General Municipal Law § 50-e (5), a court considering a petition for leave to serve a late notice of claim upon a municipal corporation must consider whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after it arose or within a reasonable time thereafter (*see* General Municipal Law § 50-e [5]; *Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d 776 [2010]; *Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d 734 [2008]; *Matter of Felice v Eastport/ South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]). The court shall also consider all other relevant facts and circumstances, including whether the petitioner has demonstrated a reasonable excuse for the failure to serve a timely notice of claim and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see Matter of Valila v Town of Hempstead*, 107 AD3d 813, 814 [2013]; *Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d at 777; *Matter of Mounsey v City of New York*, 68 AD3d 998 [2009]).

The petitioner, an employee of the New York City Department of Sanitation (hereinafter the DSNY), did not demonstrate a reasonable excuse for his failure to serve a timely notice of claim upon the DSNY and the respondent City of New York (hereinafter together the respondents). The fact that the petitioner allegedly was unaware of the requirements of General Municipal Law § 50-e (5) or that the DSNY is a public corporation are not reasonable excuses for the failure to serve a timely notice of claim (*see Matter of Bhargava v City of New*

*York*, 130 AD3d 819 [2015]; *Matter of Flores v County of Nassau*, 8 AD3d 377, 378 [2004]; *Figueroa v City of New York*, 92 AD2d 908, 909 [1983]).

The line of duty injury (hereinafter LODI) report, the line of duty injury/illness medical report, and the LODI unusual occurrence report prepared on the date of the accident were insufficient to provide the respondents with actual knowledge of the essential facts underlying the petitioner's claim. These reports merely indicated that the petitioner was injured when his left foot got stuck in the grate of the step as he was descending a spreader, and made no reference to the claims listed in the proposed notice of claim, inter alia, that the "step" grate was defective and the respondents were negligent in their ownership, operation, maintenance, management, inspection, and control of the subject vehicle (*see Matter of Catuosco v City of New York*, 62 AD3d 995 [2009]; *Matter of Grande v City of New York*, 48 AD3d 565 [2008]; *Doherty v City of New York*, 251 AD2d 368 [1998]; *Matter of DiBella v City of New York*, 234 AD2d 366 [1996]; *Matter of Morris v County of Suffolk*, 88 AD2d 956 [1982], *affd* 58 NY2d 767 [1982]). Furthermore, the LODI unusual occurrence report indicated that the petitioner's supervisor inspected the step grate and noticed that there was no damage. Under these circumstances, there was no notice of a connection between the injury and the alleged negligence of the respondents (*see Matter of Aliberti v City of Yonkers*, 302 AD2d 456 [2003]).

The petitioner presented no "evidence or plausible argument" that his delay in serving a notice of claim did not substantially prejudice the respondents in defending on the merits (*Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 466 [2016]; *see Matter of A.C. v West Babylon Union Free Sch. Dist.*, 147 AD3d 1047, 1048 [2017]). The assertions contained in the affirmation of the petitioner's attorney, which was submitted in support of the petition, that the respondents were not substantially prejudiced by the delay in serving a notice of claim because they were fully aware of the facts and circumstances of this case and the petitioner's intention to commence an action were conclusory and, without more, inadequate to satisfy the petitioner's minimal initial burden with respect to this factor (*cf. Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d at 466-467).

Accordingly, upon consideration of the relevant factors, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding. Balkin, J.P., Chambers, Maltese and Duffy, JJ., concur.