Matter of Wilson v City of New York (2018 NY Slip Op 02794)





Matter of Wilson v City of New York


2018 NY Slip Op 02794


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SANDRA L. SGROI, JJ.


2016-05746
 (Index No. 290/16)

[*1]In the Matter of Christopher Wilson, appellant, 
v
City of New York, et al., respondents.


Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (David M. Schwarz and William P. Hepner of counsel), for appellant.
Cornell Grace, P.C., New York, NY (Keith D. Grace and Amy L. Schaefer of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered March 29, 2016. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On July 29, 2015, the petitioner allegedly was injured when he was struck by a temporary chain link fence that he was installing at a construction site in Queens. On January 14, 2016, the petitioner filed an order to show cause and petition pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the respondents. In support of his petition, he submitted, inter alia, an incident report dated July 30, 2015, prepared on the form of the respondent New York City School Construction Authority (hereinafter SCA), an incident report dated August 13, 2015, prepared by the petitioner on an SCA form, and a copy of the proposed notice of claim, which alleged that the respondents were negligent and violated Labor Law §§ 200, 240, and 241, "Rule 23 (all subsections) of the New York State Industrial Code, and the regulations of the Occupational Safety and Health Administration." The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Pursuant to General Municipal Law § 50-e(5), a court has the discretion to extend the time to serve a notice of claim (see Matter of Leeds v Port Wash. Union Free School Dist., 55 AD3d 734). In determining whether to grant the extension, the court must consider whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after it arose or within a reasonable time thereafter (see General Municipal Law § 50-e[5]; Matter of Maldonado v City of New York, 152 AD3d 522; Matter of Whittaker v New York City Bd. of Educ., 71 AD3d 776, 777; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147). The court shall also consider all other relevant circumstances, including whether the petitioner has demonstrated a reasonable excuse for the failure to serve a timely notice of claim and whether the delay would substantially prejudice the public corporation in maintaining its defense on the merits (see Matter of Maldonado v City of New York, 152 AD3d 522; Matter of Valila v Town of Hempstead, 107 AD3d 813, 814; Matter of Whittaker v New York City Bd. of Educ., 71 AD3d at [*2]777).
Contrary to the petitioner's contention, the incident reports dated July 30, 2015, and August 13, 2015, were insufficient to provide the respondents with actual knowledge of the essential facts underlying the petitioner's claim. These reports merely indicated that the petitioner injured his shoulder when the temporary chain link fence was blown over by the wind or came down on him as he was working on the fence. The reports made no reference to the claims listed in the proposed notice of claim, inter alia, that the respondents were negligent in allowing a dangerous condition to exist, in failing to provide protective and safety devices, and in failing to properly secure or hoist the fence, and violated certain sections of the Labor Law and unspecified sections of the Industrial Code (see Matter of Maldonado v City of New York, 152 AD3d at 523; Matter of Bhargava v City of New York, 130 AD3d 819, 820; Kuterman v City of New York, 121 AD3d 646, 648; Doherty v City of New York, 251 AD2d 368, 369).
Furthermore, the petitioner failed to proffer any excuse for the failure to serve a timely notice of claim (see Matter of D'Agostino v City of New York, 146 AD3d 880, 882; Matter of Joseph v City of New York, 101 AD3d 721; Troy v Town of Hyde Park, 63 AD3d 913, 914). Moreover, the petitioner presented no "evidence or plausible argument" that his delay in serving a notice of claim did not substantially prejudice the respondents in defending on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; see Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d 1047, 1048).
Accordingly, upon consideration of the relevant factors, the Supreme Court providently exercised its discretion in denying the petition and dismissing the proceeding.
BALKIN, J.P., AUSTIN, ROMAN and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court