Matter of Murnane v New York City Sch. Constr. Auth. (2018 NY Slip Op 05594)





Matter of Murnane v New York City Sch. Constr. Auth.


2018 NY Slip Op 05594


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-04599
 (Index No. 6580/16)

[*1]In the Matter of Daniel Murnane, appellant, 
v
New York City School Construction Authority, et al., respondents.


Goidel & Siegel, LLP, New York, NY (Andrew Siegel of counsel), for appellant.
Cornell Grace, P.C., New York, NY (Irina Yakhnis of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated February 22, 2017. The order denied the petition.
ORDERED that the order is affirmed, with costs
On July 19, 2016, the petitioner allegedly was injured when he tripped and fell on a floor covering in the kitchen at a construction site in Brooklyn. On or about December 9, 2016, the petitioner filed an order to show cause and petition pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the respondents. In support of his petition, the petitioner submitted, inter alia, his attorney's affirmation, and his own sworn affidavit alleging that a staff member of the respondent New York City School Construction Authority (hereinafter SCA) was present at the scene of the accident and prepared a document regarding the accident. The petitioner also submitted the proposed notice of claim, which alleged that the respondents were negligent in the care, operation, and management of the construction site and that the petitioner was caused to trip and fall as a result of the presence of unsecured floor covering in violation of Labor Law § 200 and, in effect, Labor Law § 241(6). In opposition, the respondents submitted, inter alia, the affidavit of the SCA's project officer, which stated that on the day of the accident someone told the project officer that the petitioner had "slipped and fallen" and a couple of days later the project officer received a workers' compensation form and a supervisor's report of injury indicating that the petitioner "tripped on piece of Masonite in kitchen extension cord under Masonite that raised corner of piece." In reply, the petitioner submitted a copy of a supervisor's report of injury and illness dated July 19, 2016. The Supreme Court denied the petition. The petitioner appeals.
Pursuant to General Municipal Law § 50-e(5), a court has the discretion to extend the time to serve a notice of claim (see Matter of Leeds v Port Wash. Union Free School Dist., 55 AD3d 734). In determining whether to grant the extension, the court must consider whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after it arose or within a reasonable time thereafter (see General Municipal Law § 50-e[5]; Matter of Maldonado v City of New York, 152 AD3d 522; Matter of Whittaker v New York City Bd. of Educ., 71 AD3d 776, 777; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d [*2]138, 147). The court shall also consider all other relevant facts and circumstances, including whether the petitioner has demonstrated a reasonable excuse for the failure to serve a timely notice of claim and whether the delay would substantially prejudice the public corporation in maintaining its defense on the merits (see Matter of Maldonado v City of New York, 152 AD3d at 522; Matter of Valila v Town of Hempstead, 107 AD3d 813, 814; Matter of Whittaker v New York City Bd of Educ., 71 AD3d at 777).
The Supreme Court providently exercised its discretion in denying the petition. The petitioner's ignorance of the requirement to serve the notice of claim within 90 days after the claim arose did not constitute a reasonable excuse (see Matter of Minkowicz v City of New York, 100 AD3d 1000; Meyer v County of Suffolk, 90 AD3d 720, 721; Matter of Bush v City of New York, 76 AD3d 628, 629). Furthermore, the petitioner failed to demonstrate through admissible medical evidence that he was incapacitated to such an extent that he could not have complied with the statutory requirement to serve a timely notice of claim (see Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d 849, 850; Matter of Thill v North Shore Cent. Sch. Dist., 128 AD3d 976, 978; Matter of Wright v City of New York, 99 AD3d 717, 718).
The evidence submitted by the petitioner in support of his petition failed to establish that the respondents had actual knowledge of the essential facts constituting the claim within 90 days following its accrual or a reasonable time thereafter (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 537; Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000; Humsted v New York City Health & Hosps. Corp., 142 AD3d 1139, 1140; Matter of Royes v City of New York, 136 AD3d 1042, 1043).
In addition, the petitioner failed to present evidence or plausible argument that his delay in serving a notice of claim did not substantially prejudice the respondents in defending on the merits (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d 1047, 1048-1049).
We have not considered the supervisor's report of injury and illness that was improperly submitted to the Supreme Court by the petitioner for the first time with his reply papers (see Matter of Wright v City of New York, 99 AD3d at 719; Matter of Keyes v City of New York, 89 AD3d 1086, 1087; Conte v Valley Stream Cent. High School Dist., 23 AD3d 328, 329).
ROMAN, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court