Matter of McFarland v City of New York (2019 NY Slip Op 00879)





Matter of McFarland v City of New York


2019 NY Slip Op 00879


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-09644
 (Index No. 5494/16)

[*1]In the Matter of Heath McFarland, appellant,
v
City of New York, et al., respondents.


Krentsel & Guzman, LLP, New York, NY (Michael H. Zhu and Pollack Pollack Isaac & DeCicco, LLP [Brian J. Isaac], of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Joanna D. Wine and Susan Paulson of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated August 17, 2017. The order denied the petition and granted the cross motion of the respondents City of New York and the New York City Department of Sanitation to dismiss the complaint in an action entitled McFarland v City of New York, commenced in the Supreme Court, Kings County, under Index No. 518613/16 for failure to serve a timely notice of claim.
ORDERED that the order is affirmed, with costs.
On November 2, 2015, the petitioner, an employee of the New York City Department of Sanitation (hereinafter the DSNY), allegedly was injured when he slipped and fell in a DSNY garage. On or about September 1, 2016, the petitioner commenced this proceeding for leave to serve a late notice of claim upon the DSNY and the City of New York (hereinafter together the respondents) and, thereafter, on October 31, 2016, commenced an action entitled McFarland v City of New York in the Supreme Court, Kings County, under Index No. 518613/16, to recover damages for personal injuries. The respondents opposed the petition and cross-moved to dismiss the complaint filed under Index No. 518613/16 for failure to serve a timely notice of claim. The Supreme Court denied the petition and granted the cross motion. The petitioner appeals.
In determining whether to grant leave to serve a late notice of claim, a court must consider, in particular, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the accrual of the claim or within a reasonable time thereafter (see Matter of Naar v City of New York, 161 AD3d 1081, 1082; Matter of Maldonado v City of New York, 152 AD3d 522; Matter of Whittaker v New York City Bd. of Educ., 71 AD3d 776). Additional factors in determining whether to grant such an extension include whether the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim and whether the municipality was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see General Municipal Law § 50-e[5]; Matter of Naar v City of New York, 161 AD3d at 1082; Matter of Maldonado v City of New York, 152 AD3d 522; Matter of Whittaker v New York City Bd. of Educ., 71 AD3d 776).
The petitioner did not demonstrate a reasonable excuse for his failure to serve a timely notice of claim upon the respondents. As the petitioner acknowledges, his alleged lack of awareness of the requirements of General Municipal Law § 50-e(5) is not a reasonable excuse for the failure to serve a timely notice of claim (see Matter of Maldonado v City of New York, 152 AD3d 522; Matter of Lawhorne v City of New York, 133 AD3d 856, 857; Matter of Bruzzese v City of New York, 34 AD3d 577, 578).
Contrary to the petitioner's contention, the unusual occurrence report prepared on the date of the incident did not provide the respondents with actual knowledge of the essential facts underlying the petitioner's claim (see Matter of Formisano v Eastchester Union Free School Dist., 59 AD3d 543; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 149-150). This report merely indicated that the petitioner had fallen on the floor of a DSNY garage and had a seizure, and made no reference to the alleged presence of a greasy substance on the floor or that the petitioner slipped and fell on any substance. General Municipal Law § 50-e(5) requires knowledge of the facts that underlie the legal theories on which liability is predicated, not simply knowledge of the accident itself (see Matter of Catuosco v City of New York, 62 AD3d 995, 995; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 155). The report did not provide the respondents with actual knowledge of the essential facts constituting the petitioner's claim that he was caused to slip and fall due to the respondents' negligence, inter alia, in failing to provide a safe place to walk (see Matter of Anderson v Town of Oyster Bay, 101 AD3d 708, 709; Matter of Werner v Nyack Union Free School Dist., 76 AD3d 1026, 1027; Matter of Catuosco v City of New York, 62 AD3d 995; Matter of Grande v City of New York, 48 AD3d 565).
The petitioner also failed to present "some evidence or plausible argument" supporting a finding that the failure to serve a timely notice of claim would not substantially prejudice the respondents' ability to defend against the claim (Matter of Newcomb v Middle County Cent. Sch. Dist., 28 NY3d 455, 456).
We have not considered the petitioner's affidavit and the transcript of his testimony given at the hearing held pursuant to General Municipal Law § 50-h, as the petitioner improperly submitted these items to the Supreme Court for the first time with his reply papers (see Matter of Government Employees Ins. Co. v Suffolk County Police Dept., 152 AD3d 517, 519; Matter of Wright v City of New York, 99 AD3d 717, 719; Matter of Keyes v City of New York, 89 AD3d 1086, 1087).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition, granting the cross motion, and, in effect, directing the dismissal of the complaint (cf. Kuterman v City of New York, 121 AD3d 646, 648).
AUSTIN, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court