Matter of Nieto v City of New York (2019 NY Slip Op 02100)





Matter of Nieto v City of New York


2019 NY Slip Op 02100


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-02887
 (Index No. 506596/16)

[*1]In the Matter of Christian Nieto, respondent,
v
City of New York, appellant.


Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Barbara Graves-Poller of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to deem a late notice of claim timely served nunc pro tunc, the City of New York appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated February 15, 2017. The order granted the petition.
ORDERED that the order is affirmed, without costs or disbursements.
On October 11, 2015, the petitioner, a police officer employed by the New York City Police Department (hereinafter NYPD), was injured when he fell off the back of a police truck after it hit a bump in the road in Brooklyn. The petitioner served a notice of claim and an amended notice of claim upon the City of New York on April 18, 2016, and April 21, 2016, respectively. The amended notice of claim alleged, inter alia, that the petitioner sustained personal injuries as a result of the City's failure to provide him with a safe place to work in violation of Labor Law § 27-a(3). On April 22, 2016, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to deem the late amended notice of claim timely served nunc pro tunc. In support of his petition, he submitted, inter alia, a police accident report, a collision report, a witness statement, and a line-of-duty injury report, all dated October 11, 2015. The City opposed the petition. In an order dated February 15, 2017, the Supreme Court granted the petition. The City appeals.
In determining whether to grant leave to serve a late notice of claim, a court must consider, in particular, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the accrual of the claim or within a reasonable time thereafter (see Matter of Naar v City of New York, 161 AD3d 1081, 1082; Matter of Maldonado v City of New York, 152 AD3d 522; Matter of Whittaker v New York City Bd. of Educ., 71 AD3d 776). Additional factors in determining whether to grant such an extension include whether the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim and whether the municipality was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see General Municipal Law § 50-e[5]; Matter of Naar v City of New York, 161 AD3d at 1082; Matter of Maldonado v City of New York, 152 AD3d 522; Matter of Whittaker v New York City Bd. of Educ., 71 AD3d 776).
Here, the City acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose. The police accident report prepared by the responding sergeant, the NYPD collision report prepared by an investigating supervisor, and the NYPD line-of-duty injury report approved by the commanding officer described the time and date of the accident, the [*2]petitioner's injury, and how the accident occurred, identified the truck involved, indicated that the petitioner was referred to the hospital, and provided actual knowledge of the essential facts constituting the petitioner's claim, inter alia, pursuant to General Municipal Law § 205-e predicated upon the City's alleged violation of Labor Law § 27-a(3)(a)(1) (see Gammons v City of New York, 24 NY3d 562; Matter of Fennell v City Sch. Dist. of City of Long Beach, 118 AD3d 783, 784; Matter of Mounsey v City of New York, 68 AD3d 998, 999; Matter of Buono v City of New York, 133 AD2d 685; Matter of Lucas v City of New York, 91 AD2d 637).
Furthermore, the petitioner met his initial threshold burden of demonstrating the absence of substantial prejudice to the City by submitting evidence that the City acquired timely, actual knowledge of the essential facts constituting his claim and his affidavit, in which he stated that the fellow officer who provided the witness statement was still employed by the NYPD and that the truck involved in the accident was presently available for inspection (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465-466; Matter of Fennell v City Sch. Dist. of City of Long Beach, 118 AD3d at 784; Matter of Viola v Ronkonkoma Middle Sch., 107 AD3d 1009, 1010). In opposition, the City failed to rebut the petitioner's showing with any particularized indicia of prejudice (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467-468; Matter of Leon v New York City Health & Hosps. Corp., 163 AD3d 670, 672).
While the petitioner lacked a reasonable excuse for the failure to serve a timely notice of claim, the absence of a reasonable excuse is not dispositive where there is actual notice and an absence of prejudice (see Matter of Leon v New York City Health & Hosps. Corp., 163 AD3d at 672; Matter of Breslin v Nassau Health Care Corp., 153 AD3d 1256, 1258; Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d 940, 942).
Accordingly, the Supreme Court providently exercised its discretion in granting the petition for leave to deem the late amended notice of claim timely served nunc pro tunc.
MASTRO, J.P., DUFFY, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court