| Carter v New York City Tr. Auth. |
| :---: |
| 2025 NY Slip Op 32016(U) |
| June 6, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 160475/2024 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**     <u>**HON. RICHARD TSAI**</u>       **PART**         **21**

*Justice*

--------------------------------------------------------------------------------X

WILLIAM CARTER

                   Petitioner,

            - v -

NEW YORK CITY TRANSIT AUTHORITY,

                 Respondent.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 160475/2024 |
| **MOTION DATE** | 6/5/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + JUDGMENT ON PETITION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 1-14

were read on this motion to/for           <u>LEAVE TO FILE</u> .

Upon the foregoing documents, it is **ADJUDGED** that the petition seeking leave to serve a late notice of claim upon the respondent, or, in the alternative, seeking an order deeming the petitioner's proposed notice of claim timely served *nunc pro tunc,* is **DENIED**, and the proceeding is dismissed**.**

In this proceeding, petitioner William Carter seeks leave to serve a late notice of claim upon respondent New York City Transit Authority (NYCTA) for injuries that he allegedly sustained when he fell on a staircase marked as "M2LB" in the Herald Square subway station on August 28, 2023 at 2:30 p.m. (exhibit C to petition [NYSCEF Doc. No. 5], proposed notice of claim]).  Alternatively, petitioner seeks an order deeming petitioner's proposed notice of claim timely served *nunc pro tunc.*  Respondent opposes the petition.

## DISCUSSION

Where an action against the NYCTA is founded on a tort (except for wrongful death), Public Authorities Law § 1212 (2) requires service of a notice of claim upon the NYCTA, prior to the commencement of the action, "within the time limited by and in compliance with all of the requirements of section [50-e] of the general municipal law."

Under General Municipal Law § 50-e (5), courts have discretion to grant an extension of time for service of a notice of claim.  "The burden of production is on the petitioner in a special proceeding, and the court applies settled summary judgment standards, under which the party seeking relief must establish entitlement to judgment as a matter of law by submitting admissible evidence" (*Matter of Jaime v City of New York*, 41 NY3d 531, 542 [2024] [internal citations and quotations omitted]).

> "In determining whether to grant or deny leave to serve a late notice of
> claim, the court must consider 'in particular' whether the municipality

**160475/2024   CARTER, WILLIAM vs. NEW YORK CITY TRANSIT AUTHORITY**         **Page 1 of 5**
**Motion No.  001**

'acquired actual knowledge of the essential facts constituting the claim within [90 days of the claim's accrual] or within a reasonable time thereafter.' Courts are to place 'great weight' on this factor, which the party seeking leave has the burden of establishing through the submission of nonspeculative evidence" (*id.* at 540 [internal citations omitted]).

"Additionally, the statute requires the court to consider 'all other relevant facts and circumstances' and provides a 'nonexhaustive list of factors that the court should weigh'. One factor the court must consider is 'whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits'"(*Matter of Newcomb v Middle Country Cent. School Dist.*, 28 NY3d 455, 460-461 [2016] [internal citation omitted]).

The Appellate Divisions have held that courts must also consider whether petitioner has a reasonable excuse for the delay, but the "failure to offer a reasonable excuse is not necessarily fatal" (*Clarke v New York City Tr. Auth.*, 222 AD3d 552, 553 [1st Dept 2023]; *Guerre v New York City Tr. Auth.*, 226 AD3d 897, 898 [2d Dept 2024]). "[W]here there is actual notice and absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim" (*Guerre*, 226 AD3d at 898 [quotation marks and citation omitted]). Thus, petitioner essentially needs to prove only the actual knowledge and substantial prejudice factors to be entitled to leave to serve a late notice of claim.

Reasonable excuse

Here, petitioner has not identified a reasonable excuse for his delay in serving the notice of claim. Indeed, in petitioner's reply papers, petitioner argues that "the lack of a reasonable excuse is not, standing by itself, sufficient to deny an application for leave to serve and file a late notice of claim" (reply affirmation in further support of petition [NYSCEF Doc. No. 11] ¶ 4 [internal quotation marks omitted]).[1]

Actual knowledge of the essential facts

"The actual knowledge requirement contemplates actual knowledge of the essential facts constituting the claim, not knowledge of a specific legal theory" (*Matter of Townson v New York City Health & Hosps. Corp.*, 158 AD3d 401, 403 [1st Dept 2018]; *Matter of Grande v City of New York*, 48 AD3d 565 [2nd Dept 2008]). However, "knowledge of the facts underlying an occurrence does not constitute knowledge of the claim. What satisfies the statute is not knowledge of the wrong. What the statute exacts is notice of [the] 'claim'" (*Chattergoon v New York City Hous. Auth.*, 161 AD2d 141 [1st Dept 1990], *affd Matter of Chattergoon v New York City Hous. Auth.*, 78 NY2d 958 [1991]; *see also Bullard v City of New York,* 118 AD2d 447 [1st Dept 1986]). "The

---

[1] To the extent that petitioner's excuse might be that he believed that the City of New York was the appropriate entity to serve a notice of claim on and that "he only recently came to realize that he may have a claim against the NYCTA", such an excuse would be "unacceptable" (*Matter of Abramovitz v City of New York*, 99 AD3d 1000, 1001 [2d Dept 2012]).

**160475/2024   CARTER, WILLIAM vs. NEW YORK CITY TRANSIT AUTHORITY**        Page 2 of 5
  **Motion No.  001**

2 of 5

[* 2]

statute contemplates not only knowledge of the facts, but also how they relate to the legal claim to be asserted" (*Carpenter v City of New York*, 30 AD3d 594, 595 [2d Dept 2006]). Actual knowledge of the facts underlying the claim includes knowledge of the injuries or damages (*Arnold v Town of Camillus*, 222 AD3d 1372, 1377 [4th Dept 2023]).

In arguing that respondent timely acquired actual knowledge of the of the essential facts constituting his claim, petitioner points to a letter from the City of New York, dated January 29, 2024, which is reproduced below in pertinent part:

> Date:            01/29/2024
> RE: Disallowance-Agency
> Claim number: 2023PI033342
> Agency: NYC TRANSIT AUTHORITY
> Your Claim/Policy#:
>
> WILLIAM CARTER c/o SACCO & FILLAS
> 31 19 NEWTOWN AV FLOOR 7
> ASTORIA, NY 11102
>
> Dear Claimant:
>
> We regret to inform you that your claim has been disallowed.
>
> Our investigation, which was based on information furnished by the above city agency as well as other investigative sources, concluded that the incident was not due to the City's negligence.
>
> If you wish to pursue your claim against the City, you may bring a lawsuit against the City if it is started within one year and ninety days from the date of occurrence.
>
> Thank you.

(exhibit B to petition [NYSCEF Doc. No. 4], claim rejection letter from City [highlighting added]).

Petitioner contends that, based on the above highlighted language, "the City contacted NYCTA to conduct an investigation, so the NYCTA gained knowledge of the incident within that timeframe" (petition [NYSCEF Doc. No. 1] ¶ 20).

However, this does not constitute "nonspeculative evidence that [respondent] acquired actual knowledge of the essential facts constituting the claim within 90 days of the accrual of the claim, or within a reasonable time thereafter" (*Rivera v New York City Dept. of Transportation*, 235 AD3d 510, 511 [1st Dept 2025]; *see also Matter of Lewis v E. Ramapo Cent. School Dist.*, 110 AD3d 720, 722 [2d Dept 2013] ["There was no evidence in the record to support the petitioner's hearsay allegation that her parents made this claim to the assistant principal of the school directly after the incident"]).

160475/2024   CARTER, WILLIAM vs. NEW YORK CITY TRANSIT AUTHORITY          Page 3 of 5
Motion No.  001

3 of 5

[* 3]

Thus, petitioner has failed to establish that respondent acquired actual knowledge of the essential facts constituting the claim within 90 days of his claim's accrual.

Substantial prejudice

"[T]he burden initially rests on the petitioner to show that the late notice will not substantially prejudice the public corporation. Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice" (*Matter of Newcomb*, 28 NY3d at 466).

"Once this initial showing has been made, the public corporation must respond with a particularized evidentiary showing that the corporation will be substantially prejudiced if the late notice is allowed" (*Matter of Newcomb*, 28 NY3d at 467). "Substantial prejudice may not be inferred solely from the delay in serving a notice of claim" (*id.* at 468 n 7).

In the petition, petitioner argues that because the NYCTA supposedly "gained knowledge" of the incident by virtue when "the City contacted NYCTA to conduct an investigation" there is "no substantial prejudice to the NYCTA by being served the late notice of claim" (petition ¶¶ 20-21).

In addition to noting that petitioner's above "bald unsupported assertion" alone is "sufficient to justify a denial of this petition" (affirmation in opposition [NYSCEF Doc. No. 10] ¶ 17), respondent contends that "petitioner has not shown that NYCTA is not prejudiced in conducting a meaningful investigation such as identifying and interviewing witnesses" (*id.* ¶ 22 [emphasis omitted]).

In reply, petitioner argues that there is no prejudice to petitioner because "[t]he hazard that is the subject of this lawsuit is a stairwell. This is not a transient defect. There is nothing preventing the Respondent from conducting an investigation right here and now. The premises have not changed" (reply affirmation in further support of petition ¶ 15).

Petitioner's initial argument that there was no substantial prejudice because respondent supposedly "gained knowledge" of the incident when "the City contacted NYCTA to conduct an investigation" (petition ¶ 20) is unavailing because petitioner failed to establish that the respondent gained such actual knowledge.

Petitioner's argument that the stairwell can still be investigated now has been "improperly raised for the first time" in the reply papers, and thus the court will not consider this argument (*WV Partners LLC v Hudson Private Corp.*, 236 AD3d 481, 482 [1st Dept 2025]).

Even assuming, for the sake of argument, that an investigation would still be possible despite the late notice because the premises condition had not changed since

160475/2024   CARTER, WILLIAM vs. NEW YORK CITY TRANSIT AUTHORITY                Page 4 of 5
Motion No.  001

[* 4]                                                    4 of 5

the date of the alleged accident (*see Fredrickson v New York City Hous. Auth.*, 87 AD3d 425, 425 [1st Dept 2011]), the petition would still be denied.

As discussed above, petitioner failed to demonstrate that respondent timely acquired actual knowledge of the essential facts constituting the claim, and petitioner has no reasonable excuse for the delay. The only factor that petitioner would be able to demonstrate is lack of prejudice.

Petitioner relies heavily on *Matter of Richardson v New York City Housing Authority* (136 AD3d 484, 484 [1st Dept 2016]) for the proposition that leave to serve a late notice of claim should still be granted where the respondent has not been "substantially prejudiced, even though the respondent did not have timely, actual knowledge of the essential facts of the claim and the petitioner lacked a reasonable excuse" (affirmation in reply ¶ 21).  However, in light of *Matter of Jaime v City of New York*, which reiterates that courts must place "great weight" on whether respondents had timey acquired actual knowledge of the essential facts, the continued validity of *Richardson* is questionable, as the lack of substantial prejudice in *Richardson* was accorded more weight than the respondents' lack of actual knowledge of the essential facts of the petitioner's claim.

This constitutes the decision and judgment of the court.

20250606130318RTSAIAD72C979D44D4B5F8153D24F020EFAC5

| 6/6/2025 | | | RICHARD TSAI, J.S.C. |
| DATE | | | |

CHECK ONE:     [X] CASE DISPOSED        [ ] NON-FINAL DISPOSITION

                [ ] GRANTED   [X] DENIED   [ ] GRANTED IN PART   [ ] OTHER

APPLICATION:   [ ] SETTLE ORDER          [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:   [ ] INCLUDES TRANSFER/REASSIGN   [ ] FIDUCIARY APPOINTMENT   [ ] REFERENCE

**160475/2024   CARTER, WILLIAM vs. NEW YORK CITY TRANSIT AUTHORITY**                Page 5 of 5
**Motion No.  001**

[* 5]